IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER FARLEY et al., | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 15-5956 |
| | : | |
| JEFFREY CERNAK et al., | : | |
| Defendants. | : | |

**Jones II,    J.**                                                                               **January 13, 2016**

### MEMORANDUM

Upon consideration of the Motion to Dismiss filed by Jeffrey Cernak and Christine Cernak (collectively "Defendants"), (Dkt No. 4), and Memorandum in Support thereof, (Dkt No. 4-2 [hereinafter MTD]), the Response filed by Heather Farley and Glenn Farley, on behalf of themselves and their children Mackenzie Farley and Jackson Farley, and Michael Harvey and Candace Harvey (collectively "Plaintiffs"), (Dkt No. 5 [hereinafter Resp.]), Defendants' Reply, (Dkt No. 6 [hereinafter Rep.]), and Plaintiffs' Sur-Reply, (Dkt No. 7 [hereinafter Sur-Rep.]), it is hereby ORDERED that Defendants' Motion is GRANTED and Counts I, II, III, IV, VII, VIII, IX, X are dismissed.

**I.     Standard of Review**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more

than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

"Although the statute of limitations is an affirmative defense, it may be raised in a motion to dismiss where the plaintiff's failure to comply with the limitations period is apparent from the face of the pleadings." *Datto v. Harrison*, 664 F. Supp. 2d 472, 482 (E.D. Pa. 2009); *see also Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994) (establishing that a statute of limitations may be raised in a motion to dismiss "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading"); *Clark v. Sears, Roebuck & Co.*, 816 F.Supp. 1064, 1067 (E.D. Pa. 1993).

## II. Background

Plaintiffs' Complaint concerns a car accident that occurred on December 6, 2012 at 10:00pm on the Daniel Shays Highway at Amherst Road in Pelham, Massachusetts. (Dkt No. 1 [hereinafter Compl.] ¶¶ 9-12.) Plaintiffs filed their Complaint on November 2, 2015.

Plaintiffs allege that due to Defendants' negligence during the car accident: (Counts I and III) Heather Farley and Glenn Farley (husband and wife) suffered injuries, (Compl. ¶¶ 13-21, 24-32), (Counts II and IV) Heather Farley and Glenn Farley lost the companionship of the other, (Compl. ¶¶ 22-23, 33-34), (Counts V and VI) Mackenzie Farley and Jackson Farley, the minor children of Heather Farley and Glenn Farley, suffered injuries, (Compl. ¶¶ 35-50), (Counts VII and IX) Michael Harvey and Candace Harvey (husband and wife) suffered injuries, (Compl. ¶¶ 51-59, 62-70), and (Counts VIII and X) Michael Harvey and Candace Harvey lost the companionship of the other. (Compl. ¶¶ 60-61, 71-72.)

Defendants move to dismiss Counts I, II, III, IV, VII, VIII, IX, and X due to Plaintiffs' purported failure to timely bring the claims within the relevant statute of limitations. (MTD.) Defendants make no such arguments as to Count V and VI as those are made on behalf of the minor children.[1]

---

[1] When a plaintiff is an unemancipated minor at the time the action accrues, the statute of limitations begins to run after the plaintiff turns eighteen years of age. 42 Pa. C.S. § 5533.

### III. Discussion

#### A. The Court will not *sua sponte* dismiss or transfer this case based on improper venue.

As a preliminary matter, the Court notes that it will not *sua sponte* dismiss this case based on improper venue. In Plaintiffs' Sur-Reply, Plaintiffs requested, as "alternative relief," that this matter be transferred to the U.S. District Court for the District of Massachusetts for improper venue. Venue is proper:

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Where venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it should have been brought." 28 U.S.C. § 1406(a).

According to Plaintiffs' Complaint, all Defendants reside in Massachusetts. (Dkt No. 1 [hereinafter Compl.] ¶¶ 6-8.) Plaintiffs' Complaint concerns a car accident that occurred in Pelham, Massachusetts. (Compl. ¶ 9.) From a preliminary review, it would appear that venue is improper in this district.

However, Defendants failed to raise this issue in their Motion to Dismiss. Defendants' Motion to Dismiss only raised the issue of the statute of limitations. (MTD.) To preserve a challenge regarding improper venue, a defendant must raise the issue in the responsive pleading. Fed. R. Civ. P. 12(b)(3). A defendant has the burden of showing that the district in which the suit is brought is not the proper venue. *Kravitz v. Niezgoda*, 2012 WL 4321985, at *4 (E.D. Pa. 2012) (citing *Simon v. Ward*, 80 F.Supp.2d 464, 468 (E.D. Pa. 2000)). If the responsive pleading does not challenge improper venue, the defense is waived. Fed. R. Civ. P. 12(h). Thus, where a defendant does not "interpose timely and sufficient objection to the venue," the district court retains jurisdiction, even if the venue would otherwise be improper. 28 U.S.C. § 1406(b). Defendants have not moved to dismiss or transfer this case due to improper venue. As such, Defendants have waived their objection to improper venue.

Were the Court to dismiss this case due to improper venue, the Court would be doing so *sua sponte*. Case law in this Circuit is clear that such actions are disfavored. It is "inappropriate for the trial court to dispose of the case *sua sponte* on an objection to the complaint which would

be waived if not raised by the defendant(s) in a timely manner." *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976). "A district court may not dismiss a case *sua sponte* for improper venue absent extraordinary circumstances." *Fiorani v. Chrysler Grp.*, 510 F. App'x 109, 111 (3d Cir. 2013) (non-precedential) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)); *see also Day v. City of Galveston*, 480 F. App'x 119 (3d Cir. 2012) (non-precedential) (finding that it was error for a district court to *sua sponte* raise the issue of venue).[2]

Because Defendants waived any objections to the venue, and the Court finds no extraordinary circumstances, it would be inappropriate for the Court to *sua sponte* dismiss on the basis of improper venue. *See, e.g.*, *Ziemkiewicz v. R&L Carriers, Inc.*, 2013 WL 505798, at *1 n. 2 (D.N.J. 2013) (collecting cases). Likewise, given that Defendants' waiver makes this improper venue into a proper venue, it would be inappropriate for the Court to transfer this case pursuant to 28 U.S.C. § 1406(a). [3]

### B. Pennsylvania law applies; certain counts are dismissed for violation of the statute of limitations.

The issue before the Court is whether or not Plaintiffs' claims under Counts I, II, III, IV, VII, VIII, XI, and X are barred by the relevant statute of limitations. The parties do not dispute that Plaintiffs' injuries accrued starting on the day of the incident on December 6, 2012. They dispute whether Pennsylvania's or Massachusetts's statutes of limitations should apply.

---

[2] The Court notes that this line of cases concerns dismissal of an *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915. The Court finds the Circuit's reasoning in such cases applicable to its considerations here. There, as here, the overarching concern of the Circuit was that a court not *sua sponte* dismiss a claim for improper venue given that improper venue can be waived by defendants. That reasoning is particularly instructive here. In Section 1915 cases, the Circuit warned against *sua sponte* dismissal due to improper venue because of the *possibility* that the defendant would waive their objections to improper venue. Given the procedural posture of this case, the Court *in fact* knows that Defendants have waived their objections.

[3] The Court notes that even where venue is proper, the Court may still transfer the case to a foreign jurisdiction pursuant to 28 U.S.C. § 1404. A district court may *sua sponte* transfer an action to a different district "[f]or the convenience of parties and witnesses, in the interest of justice..." 28 U.S.C. § 1404(a); *Amica Insurance Co. v. Fogel*, 656 F.3d 167, 180 (3d Cir. 2011). The Court finds that this does not apply at this time. Defendants have not raised any convenience concerns. While Plaintiffs do request transfer in lieu of the Court reaching the merits of Defendants' Motion to Dismiss, their argument is clearly not about convenience: Plaintiffs explicitly state that all six Plaintiffs, and all of the relevant medical professionals, reside in Pennsylvania. The Court does not find it appropriate to *sua sponte* transfer the action at this time.

Because this is a diversity case, and this Court sits in the Eastern District of Pennsylvania, this Court applies the choice of law rules of the forum state, Pennsylvania. *See Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941); *Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202, 206 (3d Cir. 2013). Generally, Pennsylvania courts apply the Pennsylvania statute of limitations except in cases in which the claim accrued in a foreign jurisdiction. *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826 n. 3 (3d Cir. 1985). Here, Plaintiffs' claims accrued in Massachusetts. Because Plaintiffs' claims accrued in Massachusetts, but were filed in Pennsylvania, the Pennsylvania borrowing statute applies. *See Pac. Emp'rs Ins. Co. v. Global Reinsurance Corp. of Am.*, 693 F.3d 417, 432 (3d Cir. 2012). The statute requires that:

> The period of limitation applicable to a claim accruing outside the Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim.

42 Pa. C.S. § 5521(b)-(c).

Pennsylvania provides a two year limitation for bringing personal injury claims. 42 Pa. C.S. § 5524. Massachusetts provides a three year limitation for bringing personal injury claims. Mass. Gen. Laws. Ch. 260, § 2A. Plaintiffs' Complaint was timely filed under Massachusetts law, but not under Pennsylvania law. Pennsylvania's statute obviously bars the claim first. As such, Pennsylvania's statute applies. Counts I, II, III, IV, VII, VIII, IX, and X are dismissed. Counts IV and V remain pending.

BY THE COURT:

/s/ C. Darnell Jones, II

_____
C. Darnell Jones, II    J.